STATE OF NORTH CAROLINA v. WILLIAM EDWARD CURRENCE

No. 7226SC95

(Filed 26 April 1972)

1. Criminal Law § 126— acceptance of verdict

While a verdict is not complete until accepted by the court, if the jury returns a verdict that is permissible under the charge and complete in itself, the court must accept it.

2. Assault and Battery § 4— assault defined

An assault is an overt act or attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace or violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.

3. Assault and Battery § 17— verdict of "attempted assault" — insufficiency

Jury's verdict purporting to find defendant guilty of "attempted assault with a deadly weapon" was an incomplete verdict which would not support a judgment, and the court correctly rejected the verdict and directed the jury to reconsider the matter.

4. Assault and Battery § 17— rejection of verdict — reconsideration of all possible verdicts — harmless error

Where, in a prosecution for assault with a deadly weapon with intent to kill inflicting serious bodily injury, the court rejected the jury's purported verdict of "guilty of attempted assault with a deadly weapon," defendant was not prejudiced by error, if any, in permitting the jury to reconsider possible verdicts requiring a finding of "intent to kill" or "inflicting serious injury," where defendant was not convicted of an offense containing either of those two elements but was convicted of assault with a deadly weapon.

APPEAL by defendant from *Hasty, Judge,* 12 July 1971 Criminal Session of Superior Court held in MECKLENBURG County.

Defendant was tried under a bill of indictment, proper in form, charging him with assault with a deadly weapon with intent to kill inflicting serious bodily injury. The court in-

structed the jury that it could return one of five verdicts: guilty as charged in the bill of indictment; guilty of assault with a firearm inflicting serious injury; assault with a firearm with intent to kill; assault with a deadly weapon, or not guilty.

The record shows that the following transpired when the jurors returned to the courtroom and announced that they had agreed upon a verdict.

"CLERK: How do you find?

FOREMAN: We find the defendant guilty of attempted assault with a deadly weapon.

THE COURT: Well, sir. Just have a seat. Members of the jury, this does not, or is not a verdict, because in the Charge, if you will recall, the Court told you that you were at liberty to return one of five verdicts. First, assault with a deadly weapon with intent to kill, inflicting serious injury; second, assault with a firearm inflicting serious injury; third, assault with a firearm with intent to kill; four, assault with a deadly weapon, or not guilty. So you see what you have denominated as a crime, an attempt to commit an assault, is not included in the verdicts that you were at liberty to render under the evidence and the law in the case.

FOREMAN: Your Honor, I may have worded it improperly.

THE COURT: I have told you. Suppose you do this. I have read these possible verdicts that you might return. Suppose you go back to the jury room now and deliberate further."

After further deliberation, the jury returned and announced as its verdict a finding that defendant was guilty of assault with a deadly weapon. The court entered judgment upon the verdict and defendant appealed.

*Attorney General Morgan by Associate Attorney Boylan for the State.*

*John B. Whitley for defendant appellant.*

GRAHAM, Judge.

Defendant assigns as error the court's refusal to accept the first verdict announced by the jury.

[1]   While a verdict is not complete until accepted by the court, if the jury returns a verdict that is permissible under the charge and complete in itself, the court must accept it. *State v. Sumner,* 269 N.C. 555, 153 S.E. 2d 111. "When, and only when, an incomplete, imperfect, insensible, or repugnant verdict or a verdict which is not responsive to the issues or indictment is returned, the court may decline to accept it and direct the jury to retire, reconsider the matter, and bring in a proper verdict." *State v. Hemphill,* 273 N.C. 388, 390, 160 S.E. 2d 53, 55.

The question presented here is whether the jury's verdict purporting to find defendant guilty of "attempted assault with a deadly weapon" was complete in itself. We hold that it was not.

[2]   The crime of assault is governed by common law rules and the common law offense of assault is generally defined as " 'an overt act or attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace or violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.' " *State v. Roberts,* 270 N.C. 655, 658, 155 S.E. 2d 303, 305.

[3]   The effect of the first verdict returned by the jury was to find defendant guilty of an "attempt to attempt." "[O]ne cannot be indicted for an attempt to commit a crime where the crime attempted is in its very nature an attempt." *State v. Hewett,* 158 N.C. 627, 629, 74 S.E. 356, 357. Thus, a finding of "guilty of attempted assault" was not responsive to the indictment. It constituted an incomplete verdict in that it would not support a judgment, and His Honor was correct in rejecting the verdict and directing the jury to reconsider the matter.

[4]   Defendant contends that if the court were correct in rejecting the verdict, error was nevertheless committed in permitting the jury to reconsider all of the five possible verdicts. He argues that the verdict first announced amounted to a clear acquittal of those offenses requiring a finding of "intent to

kill" or inflicting serious injury. Even if there be merit in this argument, we fail to see wherein defendant has been prejudiced for he has not been convicted of an offense containing either of these two elements.

No error.

Judges CAMPBELL and BRITT concur.