STATE OF NORTH CAROLINA v. DAVID LEE BARKSDALE, JR., Defendant

No. COA06-239

(Filed 2 January 2007)

**1. Firearms and Other Weapons— possession of firearm— motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of possession of a firearm even though defendant contends the State failed to present substantial evidence showing he had possession of the handgun that was resting in the grass about six inches from his outstretched hand, because there was ample circumstantial evidence suggesting that defendant had possession of the gun before he was tackled to the ground by the police officers.

STATE v. BARKSDALE

[181 N.C. App. 302 (2007)]

**2. Assault— deadly weapon on government officer—motion to dismiss—sufficiency of evidence—unequivocal appearance of attempt**

The trial court did not err by denying defendant's motion to dismiss the charge of assault with a deadly weapon on a government officer, because: (1) in North Carolina an assault is not simply an overt act or an attempt, but also the unequivocal appearance of an attempt; (2) even if defendant's conduct of reaching for the gun was not in itself an overt act or an attempt to do some immediate physical injury, his conduct qualified at least as the unequivocal appearance of an attempt to harm the officers with the gun; (3) defendant committed this unequivocal appearance of an attempt with force and violence when in addition to the presence of the gun, defendant struggled intensely with three officers and was not subdued until he received several blows to the head; and (4) the officers' testimony under the circumstances was sufficient evidence to establish that a person of reasonable firmness would have feared immediate bodily harm.

**3. Assault— instruction—attempted assault—plain error**

The trial court committed plain error by instructing the jury on attempted assault with a deadly weapon upon a government officer because that offense does not exist in this state.

Appeal by defendant from judgments entered 21 October 2005 by Judge Judson D. Deramus, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 12 October 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Diane Martin Pomper, for the State.*

*Crumpler Freedman Parker & Witt, by Jones P. Byrd, Jr., for defendant-appellant.*

GEER, Judge.

Defendant David Lee Barksdale, Jr. appeals from his convictions for two counts of attempted assault with a deadly weapon on a government officer, possession of a firearm by a convicted felon, and resisting a public officer. On appeal, defendant argues that the trial court erred in denying his motion to dismiss and, in any event, erred in instructing the jury on attempted assault since attempted assault is "an offense that does not exist."

While we hold that defendant's motion to dismiss was properly denied and the case submitted to the jury, we agree with defendant that the court erred in submitting the charge of attempted assault with a deadly weapon on a government officer to the jury. Under *State v. Currence*, 14 N.C. App. 263, 188 S.E.2d 10, *appeal dismissed and cert. denied*, 281 N.C. 315, 188 S.E.2d 898-99 (1972), we are bound to conclude that "attempted assault" is not a triable offense in North Carolina. Accordingly, we must vacate defendant's convictions on the two counts of attempted assault with a deadly weapon on a government officer and remand the matter for further proceedings.

Facts

The State's evidence at trial tended to show the following facts. On 6 January 2005, defendant was outside of the Maryland Avenue Apartments in Winston-Salem, North Carolina. As an unmarked car carrying four police officers entered the parking lot of the apartment complex, defendant ducked behind a vehicle. When the officers exited their car and identified themselves to defendant as the police, defendant ran away.

The officers chased defendant for a distance of three to four-tenths of a mile. Officer Hege was the first to catch up with defendant, and he tackled defendant to the ground. Two other officers—Officers McKaughon and Mulgrew—arrived a few seconds later. While on the ground, defendant struggled vigorously with the officers as they tried to restrain and handcuff him.

The officers had managed to handcuff defendant's right wrist when Officer Hege noticed a chrome-plated handgun in the grass approximately six inches from defendant's left hand. Although none of the officers saw defendant touch the gun, they testified that defendant was reaching for the gun with his outstretched hand. Officer Hege alerted the other officers to the gun, and they proceeded to apply even greater force to subdue defendant. After defendant received several blows to the head, the officers succeeded in subduing defendant. The officers then retrieved the gun that was lying in the grass. The gun was dry and warm to the touch even though the ground was wet from rain earlier in the evening and the weather was cool.

Defendant was indicted on two counts of assault with a deadly weapon on a government official, one count of possession of a firearm by a felon, one count of possession of a stolen firearm, one count of resisting a public officer, and as having attained the status of habit-

ual felon. The case proceeded to trial and, at the close of the State's evidence, the trial court denied defendant's motion to dismiss. The trial court, however, decided to instruct the jury only as to "attempted assault," with the instructions derived from a combination of the pattern jury instructions for a general attempt charge, N.C.P.I.—Crim. 201.10, and for assault with a firearm upon a government officer, N.C.P.I.-Crim. 208.95B.

The jury convicted defendant of the two counts of attempted assault with a deadly weapon on a government officer, as well as the single counts of resisting a public officer, and possession of a firearm by a felon. After defendant pled guilty to being a habitual felon, the trial court sentenced defendant to consecutive terms of imprisonment of 130 to 165 months for firearm possession and 133 to 169 months for the attempted assault offenses and resisting a public officer. Defendant timely appealed.

I

[1] We first address defendant's arguments relating to the denial of his motion to dismiss. In ruling on a criminal defendant's motion to dismiss, the trial court must determine whether the State has presented substantial evidence (1) of each essential element of the offense and (2) of the defendant's being the perpetrator. *State v. Robinson,* 355 N.C. 320, 336, 561 S.E.2d 245, 255, *cert. denied,* 537 U.S. 1006, 154 L. Ed. 2d 404, 123 S. Ct. 488 (2002). " 'Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion.' " *Id.* (quoting *State v. Parker,* 354 N.C. 268, 278, 553 S.E.2d 885, 894 (2001), *cert. denied,* 535 U.S. 114, 153 L. Ed. 2d 162, 122 S. Ct. 2332 (2002)). When considering the issue of substantial evidence, the trial court must view all of the evidence presented "in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose,* 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied,* 515 U.S. 1135, 132 L. Ed. 2d 818, 115 S. Ct. 2565 (1995).

With respect to the charge of possession of a firearm by a felon, defendant argues that the State failed to present substantial evidence showing he had "possession" of the handgun that was resting in the grass about six inches from his outstretched hand. Possession of a weapon may be either actual or constructive. "Actual possession requires that a party have physical or personal custody of the item. A person has constructive possession of an item when the item is not in his physical custody, but he nonetheless has the power and intent to

control its disposition." *State v. Alston*, 131 N.C. App. 514, 519, 508 S.E.2d 315, 318 (1998) (internal citation omitted).

Based upon our review of the record, we conclude that there was ample circumstantial evidence suggesting that defendant had possession of the gun before he was tackled to the ground by the police officers. The officers testified that a warm, dry chrome-plated handgun was located in the wet grass only six inches from defendant's hand. A jury could reasonably conclude that, since the grass was wet and the weather cool, the gun, found at the precise spot where the police tackled defendant, likely fell from defendant's hand or elsewhere from his person. Moreover, the officers testified defendant was reaching for the gun—an indication that defendant was aware of the gun's presence. Such evidence goes well beyond mere conjecture that defendant had possession of the gun. *See State v. Glasco*, 160 N.C. App. 150, 157, 585 S.E.2d 257, 262 (holding that circumstantial evidence was sufficient to withstand a motion to dismiss charge of firearm possession because defendant was found carrying a bag containing firearm residue and a gun was found concealed in a pile of tires near where defendant had been recently spotted), *disc. review denied*, 357 N.C. 580, 589 S.E.2d 356 (2003). The trial court thus properly denied defendant's motion to dismiss the firearm possession charge.

**[2]** With respect to the charge of assault with a deadly weapon on a government officer, the State was required to present substantial evidence that defendant had: "(I) commit[ted] an assault; (II) with a firearm or other deadly weapon; (III) on a government official; (IV) who is performing a duty of the official's office." *State v. Spellman*, 167 N.C. App. 374, 380, 605 S.E.2d 696, 701 (2004), *appeal dismissed and disc. review denied*, 359 N.C. 325, 611 S.E.2d 845 (2005). The "assault" element, based on the common law of North Carolina, is defined as " 'an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.' " *State v. Roberts*, 270 N.C. 655, 658, 155 S.E.2d 303, 305 (1967) (quoting 1 Strong's N.C. Index, *Assault and Battery* § 4 (1957)); *see also Spellman*, 167 N.C. App. at 384, 605 S.E.2d at 703 (articulating same definition of assault).[1]

---

1. The Supreme Court in *Roberts* also acknowledged a second, different definition of assault called the "show of violence" rule: "The 'show of violence rule' consists of a show of violence accompanied by reasonable apprehension of immediate bodily

STATE v. BARKSDALE

[181 N.C. App. 302 (2007)]

The essential disagreement of the parties is whether an assault with a firearm can be accomplished where the perpetrator reaches for, but does not succeed in touching, the weapon. The parties did not submit any case law to the trial court or to this Court that would dispositively resolve this disagreement. Likewise, in our own research, we have not discovered any directly analogous North Carolina case.

Nonetheless, after carefully considering the applicable definition of assault, we must conclude that the elements of the offense were supported by the evidence produced at trial. In North Carolina, an assault is not simply "an overt act or an attempt" but also "the unequivocal appearance of an attempt." Even if defendant's conduct—his reaching for the gun—was not in itself "an overt act or an attempt . . . to do some immediate physical injury," his conduct qualifies at least as "the unequivocal appearance of an attempt" to harm the officers with the gun.

Moreover, as demonstrated by the evidence introduced at trial, defendant committed this unequivocal appearance of an attempt with force and violence. Indeed, in addition to the presence of the gun, the evidence also showed that defendant struggled intensely with three officers and was not subdued until he received several blows to the head. We also find, under the circumstances, that the officers' testimony was sufficient evidence to establish that a person of reasonable firmness would have feared immediate bodily harm.

In short, we are not persuaded by defendant's contention that an assault did not take place because he never "made physical contact with the weapon." In light of the evidence showing that the gun was only inches from defendant's outstretched hand and that defendant was actively, forcefully, and to some degree successfully resisting the officers' attempt to arrest him, we do not believe, in light of our State's definition of assault, that defendant's failure to physically touch the weapon precludes the commission of an assault with the firearm. *See State v. Dickens*, 162 N.C. App. 632, 636-37, 592 S.E.2d 567, 571-72 (2004) (with respect to charge of assault with a firearm on a government officer, noting that "[i]n proving the element of assault, the State does not have to show the defendant pointed a firearm at a law enforcement officer"). As there is no serious dispute that defendant's actions satisfied the remaining elements of the offense (i.e., he directed his conduct toward a government officer who was attempt-

---

harm or injury on the part of the person assailed which causes him to engage in a course of conduct which he would not otherwise have followed." 270 N.C. at 658, 155 S.E.2d at 305. That definition of assault was not used in this case.

ing to perform his official duties), we hold that the State presented sufficient evidence to survive defendant's motion to dismiss.

II

**[3]** Defendant next argues that the trial court committed plain error in instructing the jury regarding a charge of "attempted assault" because "it amounts to plain error for a trial court to instruct a jury on an offense that does not exist." Based on controlling precedent, we agree with defendant.

The trial court's decision to instruct the jury as to attempted assault is irreconcilable with *State v. Currence*, 14 N.C. App. 263, 188 S.E.2d 10, *appeal dismissed and cert. denied*, 281 N.C. 315, 188 S.E.2d 898-99 (1972). In *Currence*, the jury returned an initial "verdict purporting to find defendant guilty of 'attempted assault with a deadly weapon' . . . ." *Id.* at 265, 188 S.E.2d at 12. The trial judge refused to accept that verdict and ordered the jurors to resume deliberations, after which they returned a different verdict. On appeal, the defendant argued that the initial verdict of guilty of "attempted assault with a deadly weapon" should have been accepted by the trial court. This Court disagreed, holding that "[i]t constituted an incomplete verdict in that it would not support a judgment . . . ." *Id.* Recognizing that an assault in North Carolina means " 'an overt act or attempt, or the unequivocal appearance of an attempt,' " *id.* (quoting *Roberts*, 270 N.C. at 658, 155 S.E.2d at 305), this Court reasoned: "The effect of the first verdict returned by the jury was to find defendant guilty of an 'attempt to attempt.' '[O]ne cannot be indicted for an attempt to commit a crime where the crime attempted is in its very nature an attempt.' " *Id.* (alteration original) (quoting *State v. Hewett*, 158 N.C. 627, 629, 74 S.E. 356, 357 (1912)).

If, in *Currence*, we found it impermissible for a jury on its own initiative to render a verdict of guilty of attempted assault with a deadly weapon, we cannot then uphold a guilty verdict, based on the trial judge's instructions, of attempted assault with a deadly weapon on a government officer. We are bound by *Currence*. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). Accordingly, we hold that the trial court's decision to instruct on the offense of attempted assault with a deadly weapon on a government officer was in error.

STATE v. BARKSDALE

[181 N.C. App. 302 (2007)]

We further hold that these instructions resulted in plain error. To establish plain error, a defendant must demonstrate "(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." *State v. Bishop*, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997). In our view, instructing a jury in such a way that the jury convicts the defendant of a nonexistent offense is an unmistakable example of a miscarriage of justice. *See State v. Parker*, 143 N.C. App. 680, 683-84, 550 S.E.2d 174, 176 (2001) (holding that "defendant's conviction . . . must be vacated" where defendant argued that trial court committed plain error in instructing jury on nonexistent crime of attempted second degree murder); *People v. Martinez*, 81 N.Y.2d 810, 812, 611 N.E.2d 277, 277, 595 N.Y.S.2d 376, 376 (1993) (in case where trial judge instructed jury on nonexistent crime of attempted first degree manslaughter, and jury found defendant guilty of that crime, holding that "such a conviction presents error fundamental to the organization of the court or the mode of proceedings proscribed by law" and therefore "must be reversed" (internal quotation marks omitted)). We therefore vacate defendant's convictions for attempted assault with a deadly weapon on a government officer.

The parties have not specifically discussed, in their briefs, the consequences of a decision vacating the attempted assault convictions, such as whether defendant may be retried on the charge of assault with a deadly weapon on a government officer, as alleged in the indictment. We, therefore, leave that question to be addressed in the first instance by the trial court on remand.

No error in part; vacated and remanded in part.

Judges STEELMAN and STEPHENS concur.

Judge STEPHENS concurred prior to 31 December 2006.