STATE OF NORTH CAROLINA
v.
LEROY HASKINS, III.
No. COA08-1202.
Court of Appeals of North Carolina.
Filed May 19, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General M. Lynne Weaver, for the State.
Peter Wood for defendant-appellant.
HUNTER, Robert C., Judge.
On 30 January 2006, defendant Leroy Haskins, III was indicted for possession of a firearm by a convicted felon, an offense which occurred on 15 December 2005. On 30 April 2008, a jury found defendant guilty of the offense. On the same day, the trial court entered judgment imposing a presumptive sentence of 15 to 18 months active imprisonment. After careful review, we find no error.
Evidence at trial tends to show that on 15 December 2005, Salisbury Police Officer M.P. Benjamin (who was a detective at the time of trial) was patrolling the north district of Salisbury during third shift. Around 2:05 a.m., he received a radio call in which officers were dispatched to the Colony Gardens Apartments on Statesville Boulevard regarding a report that gunshots were fired. The suspect vehicle was described as a small black vehicle. As he was attempting to locate the vehicle, Officer Benjamin passed another officer, who told Officer Benjamin that a black Cadillac had just passed. Officer Benjamin caught up with the vehicle in question, followed it until it turned into the driveway of 127 East Eleventh Street. After the vehicle turned into the driveway, Officer Benjamin activated his lights and initiated a traffic stop. The vehicle was actually dark burgundy, but appeared to be black from a distance in the night.
Defendant opened the passenger door and began to exit the vehicle. Officer Benjamin then ordered defendant back into the car, because he did not know how many people were in the car and was the only officer present at the time. Defendant disobeyed the order and stood next to the car, facing it. Officer Benjamin was behind the vehicle and could see defendant's left side. He saw that defendant had a beer in his left hand, but he could not completely see the defendant's right side. Officer Benjamin then saw defendant "use his right hand to throw an object into the brush in between the houses of 127 and 121 East Eleventh Street." As defendant threw the object, Officer Benjamin saw the general area where the object was thrown and heard something strike the pillar of a nearby carport. Officer Benjamin described the sound as that of a "heavy metal object" striking the pillar. Shortly thereafter, Officer Benjamin saw defendant holding a cigarette in his right hand. After backup arrived, Officer Benjamin cleared the vehicle, and did not find anyone else. Another officer attended to defendant and the driver while Officer Benjamin looked for the object thrown by defendant. He found a black and silver 380 caliber pistol in the brush approximately ten to twenty feet from where defendant was standing. Officer Benjamin did not find any other objects that could account for the noise he heard as defendant threw the object. Officer Benjamin testified that the visibility of the area was clear and he was approximately fifteen feet away from defendant when he observed defendant throw the object. He also testified that the area was illuminated with some streetlights and the headlights, spotlights, and blue lights of his vehicle.
Following the conclusion of the State's evidence, defendant moved to dismiss the charge, which the trial court denied. Defendant presented his own testimony at trial. Defendant testified that on 15 December 2005 at approximately 2:00 a.m., he and a friend were on their way to a party at another friend's house. When they arrived at the house, they saw the police car's lights and stopped. Defendant testified that he had a beer in his right hand and a cigarette in his left hand. Defendant testified that he was not carrying a gun that night, that he did not hear the sound, and that no one threw anything. He further testified that a crowd from the party watched his encounter with the police. He did not call any members of the crowd as witnesses because they got in trouble and he did not associate with them anymore. Defendant also admitted that he had been convicted of several felonies in the past.
At the close of all evidence, defendant renewed his motion to dismiss, which the trial court denied. At the charge conference, the trial court submitted the pattern jury instruction on possession of a firearm by a felon, without any objection by defendant. The trial court subsequently instructed the jury on the charge. The jury returned a verdict of guilty and defendant gave notice of appeal in open court following the sentencing hearing.

I.
Defendant's first argument on appeal is that the trial court erred in denying his motion to dismiss. When reviewing a motion to dismiss, we view "the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." State v. Morgan, 359 N.C. 131, 161, 604 S.E.2d 886, 904 (2004), cert. denied, 546 U.S. 830, 163 L. Ed. 2d 79 (2005). A trial court may properly deny a motion to dismiss where "substantial evidence exists to support each essential element of the crime charged and that defendant was the perpetrator." Id. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).
Section 14-415.1(a) of the North Carolina General Statutes makes it "unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm. . . ." N.C. Gen. Stat. § 14-415.1(a) (2007). Defendant does not dispute the fact that he previously was convicted of a felony, but contends that the State failed to present sufficient evidence to prove that he possessed a firearm.
A conviction for possession of a firearm by a convicted felon requires that the State prove either actual or constructive possession of the firearm. "'Actual possession requires that a party have physical or personal custody of the item. A person has constructive possession of an item when the item is not in his physical custody, but he nonetheless has the power and intent to control its disposition.'" State v. Barksdale, 181 N.C. App. 302, 305-06, 638 S.E.2d 579, 582 (2007) (quoting State v. Alston, 131 N.C. App. 514, 519, 508 S.E.2d 315, 318 (1998)).
Based upon our review of the record, we conclude that there was sufficient evidence suggesting that defendant had actual possession of the gun before he threw it into the brush. The State's evidence tends to show that, from about fifteen feet away, Officer Benjamin observed defendant throw an object into the brush and heard a loud sound as the object struck a carport. He testified that it sounded like a heavy, metal object. Shortly after the object was thrown, Officer Benjamin searched the area and found the firearm in question. He did not find any other objects that could account for the sound. Such evidence, taken in the light most favorable to the State, supports an inference that defendant possessed the firearm and was therefore sufficient to survive defendant's motion to dismiss. See State v. Leach, 166 N.C. App. 711, 717-718, 603 S.E.2d 831, 836 (2004) (holding that the evidence established possession of a firearm where an officer saw an object coming out of a van which was controlled solely by defendant, the officer saw sparks fly when the object hit the ground, and a firearm was recovered within minutes from a nearby roadside), appeal dismissed, 359 N.C. 640, 614 S.E.2d 538 (2005); see also Barksdale, 181 N.C. App. at 306, 638 S.E.2d at 582 (holding that a jury could conclude that a gun fell from defendant's hand or elsewhere from his person where defendant was tackled by an officer who believed he was reaching for a gun and where a dry gun was found in the wet spot where defendant was tackled); State v. Wilder, 124 N.C. App. 136, 139-40, 476 S.E.2d 394, 397 (1996) (holding that evidence was sufficient to establish possession where an officer saw the defendant throw a white object from 150 feet away and where a neighbor later found a white bag in the spot defendant had thrown the object). This assignment of error is overruled.

II.
In his second argument on appeal, defendant contends that the trial court committed plain and prejudicial error by giving the pattern jury instruction on possession of a firearm by a convicted felon without giving a separate instruction on constructive possession. The trial court instructed the jury as follows:
The defendant has been charged with possession of [a] firearm after having been convicted of a felony. For you to find the defendant guilty of this offense the State must prove two things beyond a reasonable doubt. First, that the defendant was convicted of a felony in Rowan County Superior Court. And second, that thereafter, the defendant possessed afirearm. So, if you find from the evidence beyond a reasonable doubt that the defendant was convicted of a felony in Rowan County Superior Court and that the defendant thereafter possessed a firearm, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.
Defendant did not object to this instruction, nor did he request an instruction on constructive possession.
As defendant failed to object to the instruction at trial, he did not preserve such error, and this Court's review is limited to whether the trial court's instructions amounted to plain error. See N.C.R. App. P. 10(b), (c). "In deciding whether a defect in the jury instruction constitutes `plain error,' the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." State v. Odom, 307 N.C. 655, 661, 300 S.E.2d 375, 378-79 (1983). In the absence of such impact, relief is unavailable to a defendant who has not objected. Id.
As we have explained in the previous section, we find that the State presented sufficient evidence that defendant actually possessed the firearm in question. Based on this finding, we find it unlikely that the alleged error had any probable impact on the jury's finding of guilt. This assignment of error is overruled.
No error.
Judges STEELMAN and JACKSON concur.
Report per Rule 30(e).