DAVIS, Judge.
Lindy Kompeak Hoeun ("Defendant") appeals from his convictions for possession of a firearm by a convicted felon and misdemeanor possession of marijuana. On appeal, he argues that the trial court erred by denying his motion to dismiss the charge of possession of a firearm by a convicted felon due to insufficient evidence. After careful review, we conclude Defendant received a fair trial free from error.
Factual and Procedural Background
The State presented evidence at trial tending to establish the following facts: On 2 and 3 November 2012, Officers Mark Temple and William Hastings of the Charlotte-Mecklenburg Police Department were part of a surveillance team at the Iguana Club in Charlotte, North Carolina. Officer Temple arrived at approximately 11:15 p.m. on 2 November 2012. While he was conducting surveillance from the parking lot, he noticed Defendant drive to the club in a silver vehicle. Officer Temple observed a Hispanic man walk directly over to Defendant's vehicle and hand Defendant an object. Officer Temple testified that although he could not identify the object, it appeared that Defendant attempted to conceal the object underneath the seat of his car. Defendant then exited the vehicle and entered the club.
At approximately 1:45 a.m., Officer Hastings observed Defendant leaving the club alone. Defendant went to the silver vehicle, retrieved a firearm, and placed it in his waistband. Defendant then approached a black Honda Accord and got into the driver's seat. Later, two individuals got into the car, and the Honda Accord exited the parking lot followed by another vehicle. Officer Temple communicated to the surveillance team that Defendant was driving the Honda Accord and informed the team of the direction in which the vehicle was traveling.
Sergeant Henry Rozell of the Charlotte-Mecklenburg Police Department was in a fully-marked patrol car and began following the Honda Accord. Sergeant Rozell testified that while following the vehicle, Defendant made a sudden stop and immediate right turn without using a turn signal, which caused Sergeant Rozell to "slam" his brakes to avoid running into the back of Defendant's car. Sergeant Rozell activated his lights and siren and stopped Defendant's car. He placed his spotlight on Defendant's car and "noticed the driver and passenger moving around frantically in the front seat." Sergeant Rozell approached the vehicle and asked Defendant to exit. After Defendant exited the vehicle, Sergeant Rozell noticed a bag of marijuana on the front passenger's lap. Sergeant Scott Sherwood of the Charlotte-Mecklenburg Police Department subsequently searched the vehicle and discovered a loaded pistol in the glove compartment.
Defendant was indicted by a grand jury for carrying a concealed weapon, possession of a Schedule VI controlled substance, and possession of a firearm by a felon. A jury trial was held beginning on 27 January 2016 before the Honorable Daniel A. Kuehnert in Mecklenburg County Superior Court. At the close of the State's evidence, Defendant moved to dismiss all three charges.
On 1 February 2016, the jury found Defendant guilty of possession of a firearm by a felon and possession of marijuana. The jury found Defendant not guilty of carrying a concealed gun. The trial court sentenced Defendant to a term of 14 to 26 months imprisonment on the firearm conviction. The trial court also sentenced Defendant to a consecutive term of 15 days imprisonment for possessing marijuana, but suspended the sentence and placed Defendant on probation for 18 months. Defendant gave oral notice of appeal in open court.
Analysis
Defendant's sole argument on appeal is that the trial court erred by denying his motion to dismiss the charge of possession of a firearm by a felon. Specifically, Defendant contends the State presented insufficient evidence that he constructively possessed the handgun found in the glove compartment of the Honda Accord.
"A trial court's denial of a defendant's motion to dismiss is reviewed de novo ." State v. Watkins , --- N.C. App. ----, ----, 785 S.E.2d 175, 177 (citation omitted), disc. review denied , --- N.C. ----, 792 S.E.2d 508 (2016). On appeal, this Court must determine "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant[ ] being the perpetrator [.]" State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (citation omitted), cert. denied , 531 U.S. 890, 148 L.Ed. 2d 150 (2000).
Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith , 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). Evidence must be viewed in the light most favorable to the State with every reasonable inference drawn in the State's favor. State v. Rose , 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), cert. denied , 515 U.S. 1135, 132 L.Ed. 2d 818 (1995). "Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal." Smith , 300 N.C. at 78, 265 S.E.2d at 169.
The offense of possession of a firearm by a felon has two elements: (1) the defendant was previously convicted of a felony; and (2) he subsequently possessed a firearm. N.C. Gen. Stat. § 14-415.1(a) (2015) ; State v. Dawkins , 196 N.C. App. 719, 725, 675 S.E.2d 402, 406, disc. review denied , 363 N.C. 585, 682 S.E.2d 707 (2009). Defendant does not challenge his status as a convicted felon. Therefore, the only element of the offense at issue in this appeal concerns his possession of a firearm.
Defendant contends that the State failed to prove that he constructively possessed the firearm found in the glove compartment of the vehicle. However, we need not reach the question of constructive possession, because the State presented plenary evidence that Defendant actually possessed a firearm. Officer Hastings testified that the parking lot in which Defendant was located was well lit, and he "clearly observed" Defendant put a firearm in his waistband. Officer Hastings described the firearm as a silver or gray semi-automatic. Officer Hastings additionally identified Defendant at trial.
Defendant argues that the fact that the jury found him not guilty of carrying a concealed weapon made it "apparent ... that the jury did not credit Officer Hastings [sic] testimony that Defendant put a gun in the waistband of his pants." Thus, Defendant contends, the jury relied on the theory of constructive possession of the gun found in the glove compartment of the Honda to convict him.
We reject Defendant's argument that an inconsistency necessarily exists based simply on the fact that Defendant was acquitted on the charge of carrying a concealed weapon given that the jury may not have been convinced the weapon was actually concealed upon Defendant's act of placing it in his waistband. However, even assuming arguendo that the jury's acquittal of the charge of carrying a concealed weapon was inconsistent with its verdict of possession of a firearm by a felon, our Supreme Court has held that such inconsistencies are "permissible, and not ... legally contradictory, as long as there was sufficient evidence to support the guilty verdict." State v. Mumford , 364 N.C. 394, 400, 699 S.E.2d 911, 915 (2010). Furthermore, "inconsistency alone will not lead to a new trial for a [defendant]; only verdicts that are mutually exclusive require relief." State v. Blackmon , 208 N.C. App. 397, 405, 702 S.E.2d 833, 839 (2010) (citation omitted). In the present case, we conclude that the State presented substantial evidence that the Defendant actually possessed a firearm. Accordingly, the trial court did not err by denying Defendant's motion to dismiss. State v. Barksdale , 181 N.C. App. 302, 306, 638 S.E.2d 579, 582 (2007) ("The trial court thus properly denied defendant's motion to dismiss the firearm possession charge.").
Conclusion
For the reasons stated above, we conclude that Defendant received a fair trial free from error.
NO ERROR.
Report per Rule 30(e).
Judges BRYANT and ZACHARY concur.