MURPHY, Judge.
The trial court did not err in denying Defendant Roy Percell Thompson's motion to dismiss a possession of a firearm by a convicted felon charge where the evidence, taken in the light most favorable to the State, allows a reasonable inference Defendant constructively possessed a firearm. Defendant also argues he received ineffective assistance of counsel, and we dismiss that claim without prejudice to refile in the trial court as a motion for appropriate relief ("MAR").
BACKGROUND
After an investigation by the Lincoln County Sheriff's Office Narcotics Unit, law enforcement executed a search warrant at a residence in Denver believed to be involved in drug trafficking. When officers arrived at the house, the front door was open and Defendant was visible inside the living room. Defendant saw police and ran from the living room to a bedroom in the back of the house, where he "barricaded himself[.]"
Law enforcement entered the house and gained access to the bedroom, wherein Defendant and "several" officers scuffled and fought on the bed before law enforcement was able to place Defendant in custody. During this interaction, police noticed "a shotgun ... within arm's reach" of Defendant. The officers asked Defendant if there were other weapons present and he told them there was a second shotgun under the bed. In the same bedroom, officers found several small containers with cocaine inside, boxes of shotgun shells, drug paraphernalia, and a bag between the bed and nightstand containing paraphernalia, cocaine, Defendant's wallet, and his AAA card. Defendant was subsequently indicted for possession of a firearm by a felon and numerous drug charges.
A jury convicted Defendant of possession of cocaine, possession of drug paraphernalia, and possession of a firearm by a felon. The trial court ordered a conditional discharge pursuant to N.C.G.S. § 90-96 as to the first two charges and sentenced Defendant to a term of 13 to 25 months, suspended for 30 months of supervised probation, on the possession of a firearm by a felon charge. On appeal, Defendant argues the trial court erred in denying his motion to dismiss and that his trial counsel provided ineffective assistance.
ANALYSIS
A. Motion to Dismiss
Defendant's first argument on appeal is that the trial court should have granted his motion to dismiss the possession of a firearm by a felon charge for insufficient evidence. Specifically, Defendant argues there was insufficient evidence that he had constructive possession of the shotgun. We disagree.
"When reviewing a sufficiency of the evidence claim, this Court considers whether the evidence, taken in the light most favorable to the [S]tate and allowing every reasonable inference to be drawn therefrom, constitutes substantial evidence of each element of the crime charged." State v. Taylor , 362 N.C. 514, 538, 669 S.E.2d 239, 261 (2008). To convict an individual of possession of a firearm by a felon the State must prove (1) the defendant was previously convicted of a felony, and (2) that he subsequently possessed-either actually or constructively-a firearm. State v.Bradshaw , 366 N.C. 90, 93, 728 S.E.2d 345, 347-48 (2012). Here, Defendant stipulated to having previously been convicted of a felony, so we review only whether the State put forth sufficient evidence Defendant possessed a firearm.
At Defendant's trial, the State argued he constructively possessed a shotgun. "A defendant constructively possesses [an item] when he or she has the intent and capability to maintain control and dominion over it." State v. Miller , 363 N.C. 96, 99, 678 S.E.2d 592, 594 (2009) (internal quotation marks omitted). "Unless a defendant has exclusive possession of the place where the [item] is found, the State must show other incriminating circumstances" from which a reasonable mind could infer constructive possession. Id. ; State v. Chekanow , 370 N.C. 488, 493, 809 S.E.2d 546, 550 (2018).
Our review of incriminating circumstances is not an exact formula, but most commonly considers (1) a defendant's proximity to the item in question, (2) indicia of control over the place where the item is found, and (3) "other incriminating circumstances linking [the defendant] to the [item]." Bradshaw , 366 N.C. at 94, 96, 728 S.E.2d at 349. Our Supreme Court has previously held that proximity alone can be grounds to infer possession in certain circumstances. Miller , 363 N.C. at 100, 678 S.E.2d at 595. In Miller , the defendant was sitting on a bed where cocaine was later recovered, in a room where his identification was found, and "within reach" of the cocaine. Id. As was the case in Miller , here Defendant was in the bedroom where police found the shotgun: "there was a weapon that [Defendant] was - he was really close to.... It was a shotgun and it was within arm's reach."
In that same bedroom, police found Defendant's wallet and AAA card. Moreover, the fact that Defendant ran to the room in question and barricaded the door when police arrived at the house further indicates that it was his bedroom, or an area over which he exercised control. See Bradshaw , 366 N.C. at 96-97, 728 S.E.2d at 349-350 (affirming a Court of Appeals decision finding sufficient incriminating circumstances for constructive possession where the evidence "supports a reasonable inference that defendant exercised dominion and control" over the bedroom where cocaine was found). Additionally, one of the officers involved in Defendant's arrest testified that, while scuffling with police, "[Defendant] got his right arm loose and got partially away and was advancing off the bed in the direction of the gun and - as if he was lunging or reaching in that direction toward the gun." We have previously held an individual's reaching for a gun is "an indication that [the] defendant was aware of the gun's presence. Such evidence goes well beyond mere conjecture that defendant had possession of the gun." State v. Barksdale , 181 N.C. App. 302, 306, 638 S.E.2d 579, 582 (2007).
This evidence tends to show, in the light most favorable to the State, Defendant was in the immediate proximity of the firearm and had some level of control over the place where it was found. The State met its burden as to incriminating circumstances from which the jury could infer constructive possession, and the trial court did not err in denying Defendant's motion to dismiss.
B. Ineffective Assistance of Counsel
Defendant's second argument on appeal is that his trial counsel rendered ineffective assistance ("IAC") when he failed to move to suppress the evidence of the firearm on grounds that the search was executed pursuant to a warrant that was not based on probable cause. We dismiss Defendant's claim without prejudice so that he may raise it in the trial court through an MAR.
Both parties correctly note that IAC arguments should generally be considered through an MAR rather than on direct appeal. State v. Stroud , 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001). To prove IAC on direct appeal, the defendant's claims must be "apparent on the face of the record." State v. Allen , 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006). "[W]hen it appears to the appellate court further development of the facts would be required before application of the Strickland test, the proper course is for the [c]ourt to dismiss the defendant's assignments of error without prejudice." Id. We reach the merits of ineffective assistance of counsel claims on direct appeal only "when the cold record reveals that no further investigation is required...." State v. Thompson , 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004).
The State points to a few instances where we have dismissed IAC claims stemming from an attorney's failure to timely file a motion to suppress on direct appeal. See State v. Friend , --- N.C. App. ----, ----, 809 S.E.2d 902, 906 (2018) (dismissing defendant's IAC claim without prejudice because "there is nothing in the record to indicate why [his] counsel chose not to make a motion to suppress"); State v. Johnson , 203 N.C. App. 718, 722, 693 S.E.2d 145, 147 (2010) (holding this Court "cannot properly evaluate defendant's claim of ineffective assistance of counsel on direct appeal because no evidentiary hearing was held on defendant's motion to suppress"). Conversely, Defendant argues the cold record here reveals no further investigation is required because Defendant's trial counsel did not move to dismiss evidence discovered through an unlawful search of his home. However, there is no evidence indicating why counsel chose not to make a motion to suppress, and there was no evidentiary hearing held on such a motion. Therefore, there is not sufficient evidence in the record to decide this issue on direct appeal. We dismiss Thompson's IAC argument without prejudice.
CONCLUSION
The State presented sufficient evidence from which a reasonable mind could infer that Defendant possessed the firearm in question and the trial court did not err in denying Defendant's motion to dismiss. The record does not include sufficient evidence from which we can decide Defendant's IAC claim on direct appeal, and we dismiss that claim without prejudice.
NO ERROR IN PART; DISMISSED IN PART.
Report per Rule 30(e).
Judges HUNTER, JR. and DAVIS concur.