**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4374**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

ALTON LASHAWN NORMAN,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Louise W. Flanagan, District Judge. (2:17-cr-00010-FL-1)

Submitted: December 6, 2018                   Decided: July 11, 2019

Before KEENAN and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Gabriel J. Diaz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alton Lashawn Norman appeals from his 71-month sentence, arguing that the district court erred in imposing a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). Finding no error, we affirm.

I.

On December 25, 2016, an officer on patrol with the Washington County (NC) Sheriff's Office noticed a disturbance involving a group of people near the courthouse in Plymouth, North Carolina. The officer activated his blue lights and called for backup. As the officer exited his vehicle, one person from the group, later identified as Norman, began walking toward the officer then threw an unidentified object into the woods. The officer, believing the item to be a firearm, pulled his duty weapon and ordered Norman to raise his hands and lie on the ground. In response, Norman tried to run into the woods while reaching into his back pocket. However, he tripped and fell onto his back during his attempted flight. From his position on the ground, Norman then continued to defy a verbal command to roll onto his stomach and remove his hands from his back pocket. Because there was a crowd of bystanders, the officer kept his weapon pointed at Norman until backup arrived. When additional officers arrived, they turned Norman onto his stomach and a loaded .22 caliber pistol fell from his back pocket. Officers later recovered a magazine with .380 caliber bullets from the woods.

Norman was charged with, and pled guilty to, a one-count indictment accusing him of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Prior to sentencing, the probation office prepared a presentence report (PSR). The PSR

calculated a base offense level of 20 and recommended adding a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because the firearm was used or possessed in connection with the commission of another felony, assault on a law enforcement officer with a firearm. Subtracting three levels for acceptance of responsibility, the PSR reached a total offense level of 21. Coupled with a criminal history category of IV, the PSR calculated an advisory guidelines range of 57 to 71 months.

At sentencing, Norman challenged the four-level enhancement, contending that there was insufficient evidence that he committed assault on a law enforcement officer with a firearm. After hearing from both parties, the district court upheld the enhancement. The court then considered a Government request for an upward departure and sentenced Norman to 71 months' imprisonment, the upper end of his guidelines range.

## II.

On appeal, Norman challenges only the four-level enhancement under § 2K2.1(b)(6)(B). To assess whether the district court properly calculated the advisory range, including its application of a sentencing enhancement, we review its legal conclusions *de novo* and its factual findings for clear error. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018). We will find clear error only if we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted).

In relevant part, the Guidelines provide for a four-level enhancement to the base offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or

3

ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). "The purpose of this enhancement is to ensure that a defendant receives more severe punishment if, in addition to committing a firearms offense within the scope of § 2K2.1, he commits a separate felony offense that is rendered more dangerous by the presence of a firearm." *United States v. Blount*, 337 F.3d 404, 406 (4th Cir. 2003) (internal quotation marks omitted).

In North Carolina, it is a felony to commit assault with a deadly weapon on a government officer. To establish the offense, the government must prove three elements: that a defendant commits an assault, with a deadly weapon, on a government officer who is performing his official duties. *State v. Barksdale*, 638 S.E.2d 579, 582 (N.C. Ct. App. 2007). An assault occurs when a defendant makes an overt act or attempt, or the unequivocal appearance of an attempt, with force and violence, to do immediate physical injury to another. *State v. Roberts*, 155 S.E.2d 303, 305 (N.C. 1967). The show of force must be enough so that a reasonable person would be placed in fear of imminent harm. *Id*.

In *Barksdale*, the defendant (Barksdale) fled from a group of four officers. One of the officers caught up to Barksdale and tackled him to the ground. Two other officers attempted to restrain him, but he "struggled vigorously." *Barksdale*, 638 S.E.2d at 581. During the struggle, one of the officers noted a handgun six inches away from Barksdale's left hand, and the officers all testified that Barksdale was reaching for the gun. Appealing his conviction, Barksdale argued that he had not committed an assault

4

with a deadly weapon because he never touched the handgun. The North Carolina Court of Appeals rejected this contention, holding that, because the assault element encompasses an unequivocal appearance of an attempt, Barksdale's conduct—reaching for the gun—sufficed. *Id.* at 582. Having resolved this issue against Barksdale, the court confirmed that the remaining elements of the offense were met because his conduct of resisting the officers was evidence of force and violence and the officer's testimony regarding the struggle established that a reasonable person would have feared bodily harm. *Id.* at 582-83.

In overruling Norman's objection to the § 2K2.1(b)(6)(B) enhancement, the district court summarized Norman's conduct, placing emphasis on the fact that he had "been commanded multiple times, has refused to obey the commands, and even after tripping and falling he's still reaching in the back pocket where it's revealed there was a loaded .22 caliber pistol." (J.A. 65). The court concluded that Norman's conduct also placed the officer "in that situation" of fearing immediate bodily harm, and that the enhancement was warranted. (J.A. 66).

Having carefully reviewed the record and the parties' submissions, we conclude that the district court correctly imposed the four-level enhancement. Like Barksdale, Norman reached repeatedly toward a firearm as officers attempted to effect a seizure. Norman did not wield the firearm, but his constant reaching into his back pocket, like Barksdale's reaching toward a gun with his outstretched left hand, is certainly an unequivocal appearance of an attempt to commit an assault. In addition, Norman refused to obey police commands and was only subdued when backup arrived and physically

5

rolled him onto his stomach. The officer's actions of repeating verbal commands with his weapon drawn and waiting until backup arrived is sufficient evidence to establish that a reasonable person would be in fear of bodily harm. In sum, the district court aptly remarked that, although Norman's case is "different from *Barksdale*," it is not "so different," (J.A. 65). We agree and find that the court did not err in concluding that Norman committed assault with a deadly weapon on a law enforcement officer and correctly imposed the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

Based on the foregoing, we affirm Norman's sentence of 71 months' imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*