**STATE v. BRADSHAW**

[366 N.C. 90 (2012)]

STATE OF NORTH CAROLINA v. SAMARIO ANTWAIN BRADSHAW

No. 456A11

(Filed 14 June 2012)

**Criminal Law— constructive possession—nonexclusive control of room—circumstances sufficient**

The Court of Appeals properly affirmed the trial court's denial of defendant's motion to dismiss charges of trafficking in cocaine by possession and possession of a firearm by a felon where the State presented sufficient evidence for the trier of fact to reach a reasonable inference that defendant constructively possessed cocaine and a firearm found in a bedroom of his mother's house at a time when defendant was absent. The State introduced substantial evidence that defendant lived in the bedroom and that he exercised dominion and control over the contraband found therein.

Justice HUDSON dissenting.

Justice TIMMONS-GOODSON joins in this dissenting opinion.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the unpublished decision of a divided panel of the Court of Appeals, —— N.C. App. ——, 716 S.E.2d 440 (2011), affirming judgments entered on 1 April 2010 by Judge Joseph N. Crosswhite in Superior Court, Cabarrus County. Heard in the Supreme Court on 13 March 2012.

*Roy Cooper, Attorney General, by Stanley G. Abrams, Assistant Attorney General, for the State.*

*James N. Freeman, Jr. for defendant-appellant.*

MARTIN, Justice.

This appeal presents the question of whether the Court of Appeals properly affirmed the trial court's denial of defendant's motion to dismiss the charges of trafficking in cocaine by possession and possession of a firearm by a felon for insufficiency of the evidence. Because the State presented sufficient evidence to support the jury's determination that defendant constructively possessed the cocaine and rifle found in a bedroom—which also contained photographs, a Father's Day card, a cable bill, a cable installation receipt, and a pay stub, all linking defendant to the contraband—we affirm the Court of Appeals.

STATE v. BRADSHAW

[366 N.C. 90 (2012)]

In June 2007, Detectives Patrick Tierney and Brian Kelly of the Concord Police Department began investigating drug activity in the Silver Hill community because of numerous complaints from residents living in the area. Their investigation led them to 487 Pharr Drive, a three-bedroom residence surrounded by a six-foot-high privacy fence containing several pit bull terriers. Two individuals had reported purchasing drugs from a male at this address. In response, on 19 June 2007, Detective Kelly applied for and obtained a warrant to search the residence. No person was named in the warrant, though it did authorize officers to seize indicia of domain found in the residence.

The officers executed the warrant on 19 June 2007, using a S.W.A.T. team because of the increased risk posed by the pit bulls and because firearms had been previously recovered in and around the property. Several individuals were apprehended in and around the yard as officers approached the residence. Upon entering the locked home, however, the officers found it unoccupied. During the course of their search, officers found crack cocaine, powder cocaine, marijuana, three handguns, a rifle, bullets, digital scales, and a lockbox containing $1,560.00 in cash, all scattered throughout the property.

Defendant, Samario Antwain Bradshaw, was charged with possession of the items located in the left front bedroom of the residence.[1] In that bedroom the officers found sixty-eight grams of cocaine in "cookie" form, one hundred fourteen grams of compressed powder cocaine, one-half of a gram of powder cocaine, and five rocks of crack cocaine. In total, the bedroom contained 182.5 grams of cocaine, excluding the relatively small weight of the five crack rocks. Some of the cocaine was found in plain view, while the remainder was found in a chest of drawers containing men's clothing. A .22 caliber long rifle also was found in a closet in the same bedroom. In addition to the cocaine and the firearm, officers found numerous items indicating that the bedroom belonged to defendant. Specifically, the officers found a Time Warner Cable receipt for installation of service, dated 30 March 2007, listing the name "Mario Bradshaw" and the address 487 Pharr Drive; a Time Warner Cable bill due on 19 May 2007 with the same name and address as the receipt; a paystub listing the name "Samario Bradshaw"; an envelope addressed to "BI" at 487 Pharr Drive; a Father's Day card; a gift card addressed to "BI" and "Daddy"; and at least two photographs of

---

1. Defendant was also charged with Maintaining a Dwelling Place to Keep/Store a controlled substance. Defendant was acquitted of this charge, and it is not relevant to this appeal.

defendant, one dated 15 April 2007 and another dated 13 May 2007. Pursuant to a 13 September 2007 arrest warrant, defendant was arrested on 17 October 2007 on a nearby street.

At trial, Detective Tierney testified that "BI" was an alias used by defendant. He also testified that defendant often shortened his name to "Mario." Detective Tierney had seen defendant at the Pharr Drive residence before and after the search. Two other males, defendant's brother and defendant's mother's boyfriend, were known to have lived in the residence previously, though neither of them had been there for over a year as a result of being imprisoned from 2006 to 2008 on separate convictions. According to Detective Tierney, the room looked "lived in" and, because of their value, the drugs could not have been left by the other males before they went to prison. The State also presented evidence, through a Time Warner Cable employee, showing that the name on the cable account at 487 Pharr Drive was Mario Bradshaw, the Social Security number on the account matched defendant's, and the account was disconnected on 25 October 2007. The employee further testified that it was normal practice for Time Warner Cable employees to verify a customer's identity when dealing face to face, though he admitted that the method used could vary in each case. Finally, the State introduced evidence that defendant had previously pled guilty to felony sale of cocaine in 1998.

On 1 April 2010, defendant was convicted by a jury of possession of a firearm by a felon and trafficking in cocaine by possession. He was sentenced to an active term of thirty-five to forty-two months for trafficking in cocaine, followed by a suspended sentence of twenty to twenty-four months for possession of the firearm. The Court of Appeals majority found no error in defendant's convictions. *State v. Bradshaw*, —— N.C. App. ——, 716 S.E.2d 440, 2011 N.C. App. LEXIS 2196 (2011) (unpublished).

The sole issue before this Court is whether the trial court erred in denying defendant's motion to dismiss the charges of possession of a firearm by a felon and trafficking in cocaine by possession. Defendant contends that the State's evidence was insufficient to support the charges and therefore the charges should not have been submitted to the jury. We disagree.

The standard of review for a motion to dismiss for insufficient evidence is well settled. "[T]he trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor." *State v. Miller*, 363 N.C. 96, 98, 678 S.E.2d

592, 594 (2009) (citing *State v. McCullers*, 341 N.C. 19, 28-29, 460 S.E.2d 163, 168 (1995). All evidence, competent or incompetent, must be considered. *State v. Allen*, 279 N.C. 406, 407, 183 S.E.2d 680, 681 (1971). "Any contradictions or conflicts in the evidence are resolved in favor of the State, and evidence unfavorable to the State is not considered." *Miller*, 363 N.C. at 98, 678 S.E.2d at 594 (citations omitted). In its analysis, the trial court must determine "whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990) (citing *State v. Mercer*, 317 N.C. 87, 96, 343 S.E.2d 885, 890 (1986)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotations marks omitted). "When the evidence raises no more than a suspicion of guilt, a motion to dismiss should be granted." *Miller*, 363 N.C. at 99, 678 S.E.2d at 594 (citation omitted). "However, so long as the evidence supports a reasonable inference of the defendant's guilt, a motion to dismiss is properly denied even though the evidence also permits a reasonable inference of the defendant's innocence." *Id.* (citation and internal quotation marks omitted); *see also State v. Kemmerlin*, 356 N.C. 446, 473, 573 S.E.2d 870, 889 (2002) (stating that the evidence need not "rule out every hypothesis of innocence" (citations and quotations marks omitted)). "The test for sufficiency of the evidence is the same whether the evidence is direct, circumstantial or both." *Lynch*, 327 N.C. at 216, 393 S.E.2d at 814 (citation omitted).

Both of defendant's convictions involve the issue of possession. Because the firearm and drugs alleged to belong to defendant were found in the same bedroom, we may analyze both charges concurrently. To convict defendant of possession of a firearm by a felon the state must prove that defendant (1) was previously convicted of a felony and (2) subsequently possessed a firearm. N.C.G.S. § 14-415.1(a) (2011). To convict defendant of trafficking in cocaine, the State must prove that he "possesse[d] 28 grams or more of cocaine." *Id.* § 90-95(h)(3) (2011). The State's undisputed evidence shows that defendant was previously convicted of a felony, that a firearm was found in the bedroom closet, and that more than twenty-eight grams of cocaine were found in the bedroom. As a result, the only remaining issue is whether the State's evidence supports an inference that defendant possessed the firearm and cocaine.

It is well established that possession may be actual or constructive. *State v. Perry*, 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986). Here,

the State proceeded on the theory that defendant constructively possessed the firearm and cocaine.

> A defendant constructively possesses contraband when he or she has "the intent and capability to maintain control and dominion over" it. *State v. Beaver*, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986). The defendant may have the power to control either alone or jointly with others. *State v. Fuqua*, 234 N.C. 168, 170-71, 66 S.E.2d 667, 668 (1951). Unless a defendant has exclusive possession of the place where the contraband is found, the State must show other incriminating circumstances sufficient for the jury to find a defendant had constructive possession. *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 271 (2001).

*Miller*, 363 N.C. at 99, 678 S.E.2d at 594. The State concedes that defendant's control of the bedroom in which the cocaine and firearm were found was nonexclusive. Therefore, to have the charges submitted to a jury, the State must have introduced evidence of other incriminating circumstances sufficient to support a reasonable inference that defendant constructively possessed the contraband found in the room. *See id.* This inquiry is necessarily fact specific; each case will "turn on the specific facts presented," and no two cases will be exactly alike. *Id.*

"[T]his Court [has] considered a broad range of other incriminating circumstances" to determine whether an inference of constructive possession was appropriate when a defendant exercised nonexclusive control of contraband. *State v. McNeil*, 359 N.C. 800, 812, 617 S.E.2d 271, 279 (2005). Two of the most common factors are "the defendant's proximity to the contraband and indicia of the defendant's control over the place where the contraband is found." *Miller*, 363 N.C. at 100, 678 S.E.2d at 595.

While the defendant's proximity to the contraband is one factor to be considered, this Court has found adequate evidence of constructive possession when a defendant was absent at the time of the search. For example, in *State v. Baxter*, 285 N.C. 735, 208 S.E.2d 696 (1974), the defendant was absent during a search of an apartment in which the defendant and his wife had lived alone for about three years. *Id.* at 736, 208 S.E.2d at 697. In the apartment's bedroom, officers found marijuana in a dresser drawer containing men's and women's clothing and in the pocket of a man's coat hanging in a closet. *Id.* at 736-37, 208 S.E.2d at 697. Officers had not seen the defendant at the apartment during the preceding week. *Id.* at 736, 208

S.E.2d at 697. Though the defendant's wife was the only person present at the time of the search, this Court held that there was sufficient evidence that the defendant, who resided at the apartment with his wife, constructively possessed the contraband. *Id.* at 737-38, 208 S.E.2d at 697-98. Similarly, in *State v. Allen* we again found sufficient evidence of constructive possession when the defendant was absent at the time of the search. 279 N.C. at 408, 412, 183 S.E.2d at 682, 684-85. There, officers found heroin in a bedroom containing an Army identification card and personal papers with the defendant's name on them. *Id.* at 408, 412, 183 S.E.2d at 682, 684. In addition, the house's utilities were in the defendant's name and a witness testified that the defendant had told him where the heroin was located. *Id.* In that case, this Court found sufficient evidence to support a jury's finding that the defendant exercised dominion and control over the contraband, even though he was absent and three other individuals were present at the time of the search, and therefore upheld the trial court's denial of the defendant's motion for nonsuit. *Id.* at 408, 412, 183 S.E.2d at 682, 684-85.

In contrast, this Court has found insufficient evidence to withstand a motion to dismiss when the State failed to show "other incriminating circumstances linking" the defendant to the contraband. *State v. McLaurin,* 320 N.C. 143, 147, 357 S.E.2d 636, 638-39 (1987). In *McLaurin,* officers found contraband scattered throughout a residence, which officers had seen two adult males enter and leave shortly before the search. *Id.* at 144-45, 357 S.E.2d at 637. The female defendant gave the address of the residence as her own, and officers found an identification card bearing her name. *Id.* at 145, 357 S.E.2d at 637. While the defendant clearly exercised control over the residence, her control was nonexclusive. *Id.* at 146, 357 S.E.2d at 638. The Court held that, "because there was no evidence of other incriminating circumstances linking her to [the contraband], her control was insufficiently substantial to support a conclusion of her possession of the seized paraphernalia." *Id.* at 147, 357 S.E.2d at 638. In other words, no evidence linked the defendant to the contraband, which any of the residence's occupants could have possessed separately and exclusively from her. This Court also determined that the evidence in *State v. Finney,* 290 N.C. 755, 228 S.E.2d 433 (1976), did not sufficiently link the defendant to the contraband in question. In *Finney,* the evidence showed that the defendant had sublet his apartment and had not been present there for at least the previous forty-four days. *Id.* at 759-60, 228 S.E.2d at 435-36. Another man was living in the residence at the time of the search, and only one bedroom con-

tained a bed. *Id.* at 755-56, 228 S.E.2d at 433-34. The other bedroom appeared to be abandoned, containing a number of items but no bed, and, in fact, the man who was living at the residence on that date arrived with a key during the search. *Id.* at 756, 759, 228 S.E.2d at 434, 435. The other man testified that all the contraband belonged to him, not to the defendant. *Id.* at 756, 759, 228 S.E.2d at 434, 436. This Court found the evidence insufficient to support the charge against the defendant because "[a]ll the State has shown is that defendant Finney was in the apartment some 44 days before the search and that his name appeared on the lease at the time of the search." *Id.* at 760, 228 S.E.2d at 436. Thus, without evidence sufficiently linking a defendant to the contraband, a motion to dismiss should be granted.

Here, because defendant was absent at the time of the search, the State was required to present evidence of his nonexclusive control of the premises where the contraband was found, as well as evidence of other incriminating circumstances linking him to the contraband. The State introduced substantial evidence indicating that defendant lived in the bedroom at 487 Pharr Drive in which the cocaine and firearm were found and that he exercised dominion and control over the contraband found therein. The bedroom contained a receipt dated 30 March 2007 from Time Warner Cable for installation, listing defendant's name and the address of the residence. There also was a bill from Time Warner Cable, with defendant's name and the address of the residence on it, due on 19 May 2007, just one month before the 19 June 2007 search. Defendant's name and Social Security number were listed on the account. Those services were disconnected on 25 October 2007, shortly after defendant was arrested. Officers also found a paystub with defendant's name on it. In addition, the bedroom contained an envelope addressed to "BI," a known alias for defendant, with a Father's Day card and a gift card addressed to "BI" and "Daddy." Significantly, in 2007 Father's Day fell on June 17, just two days before the search warrant was executed. In the bedroom, officers also found two recent photographs of defendant. Detective Tierney testified that the room looked lived in and contained men's clothing, but the two other males known to have lived at the residence had been in prison for over a year. Detective Tierney also testified that he had seen defendant at the residence, his mother's house, both before and after the search. The cocaine was found throughout this bedroom—in plain view and in a chest of drawers containing men's clothing. The firearm was found in a closet in the bedroom. When defendant finally was arrested several months later, he was approximately fifty to one hundred yards from the residence and had

cocaine in his possession. As in *Baxter* and *Allen*, all this evidence, when viewed in the light most favorable to the State, supports a reasonable inference that defendant exercised dominion and control over the left front bedroom at 487 Pharr Drive and the 182.5 grams of cocaine and firearm found therein.

Rather than merely raising a suspicion that defendant could have possessed the contraband, the State's evidence allowed the jury to reasonably infer a link between defendant and the contraband. Whereas evidence showing a defendant's presence "some 44 days before the search" is insufficient, *Finney*, 290 N.C. at 760, 228 S.E.2d at 436, evidence placing the defendant in the left front bedroom within two days of the search provides a sufficient link between defendant and the contraband to survive a motion to dismiss. Unlike in *Finney*, in which another man was currently living in the residence and only one bedroom contained a bed, the defendant here had been seen at the residence—his mother's house—before and after the search, and the other males with apparently unrestricted access to the residence were in prison. In a similar manner, this case is unlike *McLaurin*, in which two adult males had entered and left the residence shortly before the search and there was no evidence linking the female defendant to the contraband, which was found throughout the residence. 320 N.C. at 144-46, 357 S.E.2d at 637-38. Instead, defendant here was charged only with the items found in the left front bedroom, the contents of which indicated that he alone resided there.

Because there was sufficient evidence for the trier of fact to reach a reasonable inference that defendant constructively possessed the cocaine and firearm, the motion to dismiss was properly denied and the ultimate question of defendant's guilt or innocence became one for the jury. The jury, in fact, drew that reasonable inference.

For the foregoing reasons, we affirm the decision of the Court of Appeals.

AFFIRMED.

Justice HUDSON dissenting.

In *State v. Miller*, 363 N.C. 96, 678 S.E.2d 592 (2009), I joined the dissent because I agreed that the State had failed to present sufficient evidence of the defendant's constructive possession of cocaine. Here I see even less. Accordingly, I respectfully dissent.

"Unless a defendant has exclusive possession of the place where the contraband is found, the State must show other incriminating circumstances sufficient for the jury to find a defendant had constructive possession." *Miller, id.* at 99, 678 S.E.2d at 594 (citation omitted). As in *Miller,* defendant here did not have exclusive control over the place in which the contraband was found, and the case turns on whether the State presented sufficient evidence of "other incriminating circumstances."

In *Miller* the majority concluded that the defendant constructively possessed cocaine that was located near him in a bedroom. As noted by Justice Timmons-Goodson in her dissenting opinion, there were only two "other incriminating circumstances" that led the majority to find constructive possession: "(1) defendant's proximity to the cocaine; and (2) the presence of defendant's birth certificate and identification card on top of a television stand." *Id.* at 111, 678 S.E.2d at 601 (Timmons-Goodson, J., dissenting). Here, by contrast, defendant was not present when the contraband was found by the police.

The majority cites to *State v. Baxter,* 285 N.C. 735, 208 S.E.2d 696 (1974), and *State v. Allen,* 279 N.C. 406, 183 S.E.2d 680 (1971), for the proposition that a defendant need not be present to establish constructive possession, even when a defendant is not in exclusive control of the location of the contraband. These cases also support the proposition that we require more when the defendant is not present. "A person is in constructive possession of a thing when, while not having actual possession, he has the intent and capability to maintain control and dominion over that thing." *State v. Beaver,* 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986) (citation omitted). In my view, the State has failed to make that showing here.

In *Baxter* this Court found constructive possession of contraband by a defendant husband who lived in a house with his wife and no one else. 285 N.C. at 737, 208 S.E.2d at 697. There, even though defendant was not present at the time of the search, the contraband was found under male clothing and in a man's jacket. *Id.* In addition, evidence showed that the defendant was living at the house. *Id.* In *Allen* we found sufficient evidence of other incriminating circumstances when a defendant was not present because the defendant's government I.D. card was found where the contraband was found, the utilities for the house were in the defendant's name, and a third party identified and connected defendant to the drugs. 279 N.C. at 412, 183 S.E.2d at 684.

Here we have no similar indicia of control or dominion over the premises or the contraband. First, the State was not able to establish that defendant was even living at the house at the time of the search. Evidence showed that the house belonged to defendant's mother. While the officer testified that he recalled seeing defendant at the house before and after the search, he could not state with specificity when that occurred. Other evidence showed that other men had lived at the house at other times. The police did find some papers with defendant's name (or alias) on them, which is consistent with defendant having been in the house at some point, but not much more. They found a cable bill with his name on it, along with a partial paystub, some photos of defendant, and cards apparently addressed to defendant. The majority finds constructive possession based on these personal papers. However, no government-issued I.D. was found. Defendant was not known to reside at the house. The utilities were not listed in defendant's name. And no third party tied defendant to the drugs or firearm. Even if the papers found here can give rise to an inference that defendant had been present in the house, I see nothing to suggest that he exercised control or dominion over the premises or contraband at the time of the search.

As in *Miller*, I conclude the evidence here points only to a mere suspicion of defendant's guilt.

> If the evidence "is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion for nonsuit should be allowed. . . . This is true even though the suspicion so aroused by the evidence is strong."

*State v. LeDuc*, 306 N.C. 62, 75, 291 S.E.2d 607, 615 (1982) (alteration in the original) (citation omitted), *overruled in part on other grounds by State v. Childress*, 321 N.C. 226, 231-32, 362 S.E.2d 263, 267 (1987). When a defendant is not present at the seizure of the contraband, I would require, as we have stated in the past, other incriminating circumstances to establish that the defendant had "the intent and capability to maintain control and dominion over" the contraband. *See Beaver*, 317 N.C. at 648, 346 S.E.2d at 480. Therefore, I respectfully dissent.

Justice TIMMONS-GOODSON joins in this dissenting opinion.