STATE OF NORTH CAROLINA
v.
JEVON ARVIN DAVIS

No. COA13-317

Filed 1 October 2013

1. **Public Assistance—food stamp fraud—motion to dismiss—sufficiency of evidence**

    The trial court did not err by denying defendant's motion to dismiss the charge of food stamp fraud. Viewing the evidence in the light most favorable to the State, the evidence created a reasonable inference that defendant knowingly submitted a fraudulent wage verification form to obtain food benefits to which he was not entitled. Further, there was sufficient evidence to indicate that

defendant obtained or aided or abetted another person to obtain food benefits to which he was not entitled.

**2. Public Assistance—food stamp fraud—jury instruction—acting in concert—no plain error**

The trial court did not commit plain error in a food stamp fraud case by its jury instruction on acting in concert. The State was not required to use the theory of acting in concert in order to prove that defendant violated N.C.G.S. § 108A-53, and therefore, defendant could not establish prejudice.

On writ of certiorari from judgment entered 23 August 2012 by Judge Lucy N. Inman in Superior Court, Alamance County. Heard in the Court of Appeals 10 September 2013.

*Attorney General Roy Cooper, by Special Deputy Attorney General Michael T. Wood, for the State.*

*Edward Eldred for Defendant.*

McGEE, Judge.

Jevon Arvin Davis ("Defendant") was indicted for food stamp fraud, medical assistance recipient fraud, public assistance fraud, common law forgery, and common law uttering. Nannetta Davis ("Ms. Davis"), Defendant's wife, worked for the Alamance County Department of Social Services ("DSS"). Ms. Davis pleaded guilty, in a separate case, to "three fraud charges, the medical recipient fraud, the food stamp fraud[,] and the public assistance fraud." Defendant was convicted of food stamp fraud. Defendant appeals.

## I. Sufficiency of the Evidence of Food Stamp Fraud

**[1]** Defendant argues that the trial court erred in denying his motion to dismiss the charge of food stamp fraud. We disagree.

### A. Standard of Review

We review the trial court's denial of a motion to dismiss *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). The "trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Bradshaw*, 366 N.C. 90, 93, 728 S.E.2d 345, 347 (2012) (internal quotation marks omitted). "Substantial

evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The "trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor." *Bradshaw*, 366 N.C. at 92, 728 S.E.2d at 347. "All evidence, competent or incompetent, must be considered. Any contradictions or conflicts in the evidence are resolved in favor of the State, and evidence unfavorable to the State is not considered." *Id.* at 93, 728 S.E.2d at 347 (internal citations and quotation marks omitted).

### B. Analysis

> Whoever knowingly obtains or attempts to obtain, or aids or abets any person to obtain by means of making a willfully false statement or representation or by impersonation or by failing to disclose material facts or in any manner not authorized by this Part or the regulations issued pursuant thereto, transfers with intent to defraud any electronic food and nutrition benefit to which he is not entitled in an amount more than four hundred dollars ($400.00) shall be guilty of a Class I felony.

N.C. Gen. Stat. § 108A-53(a) (2011).

Defendant first contends that "the indictment should not charge a party disjunctively or alternatively, but rather must charge in such a manner as to make certain what is relied on as the accusation against the defendant." The indictment in the present case reads:

> The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above [D]efendant named above unlawfully, willfully and feloniously did knowingly obtain from the Food and Nutrition Services program of the Alamance County Department of Social Services, an electronic food and nutrition benefit in the amount of $3,743.00, to which [D]efendant was not entitled[.]

The indictment does not charge disjunctively or in the alternative. The indictment alleges that Defendant "unlawfully, willfully and feloniously did knowingly obtain" a food benefit to which he was not entitled, in violation of N.C.G.S. § 108A-53. Defendant further contends that, because the indictment alleges that Defendant "did knowingly obtain" a food benefit, the State is limited to proving that Defendant "obtained" benefits, not that Defendant "attempted to obtain" or "aided or abetted"

another person to obtain benefits. Defendant cites *State v. Brooks*, 138 N.C. App. 185, 530 S.E.2d 849 (2000) in support of his argument.

In *Brooks*, the defendant argued "that the trial court committed plain error in allowing him to be convicted of kidnapping under a theory not supported by the bill of indictment." *Brooks*, 138 N.C. App. at 190, 530 S.E.2d at 853. N.C. Gen. Stat. § 14-39(a) (2011) enumerates six possible purposes for a kidnapping.

> (a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:
>
> (1) Holding such other person for a ransom or as a hostage or using such other person as a shield; or
>
> (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or
>
> (3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person; or
>
> (4) Holding such other person in involuntary servitude in violation of G.S. 14-43.12.
>
> (5) Trafficking another person with the intent that the other person be held in involuntary servitude or sexual servitude in violation of G.S. 14-43.11.
>
> (6) Subjecting or maintaining such other person for sexual servitude in violation of G.S. 14-43.13.

N.C.G.S. § 14-39(a) (emphasis added).

N.C.G.S. § 108A-53 is easily distinguished from N.C.G.S. § 14-39. N.C.G.S. § 14-39 lists six different purposes for a kidnapping. N.C.G.S. § 108A-53 gives no list of purposes for which Defendant obtained food benefits. Defendant cites no authority in support of his contention that "attempted to obtain" and "aided or abetted" constitute different theories of guilt under N.C.G.S. § 108A-53. Indeed, in the context of other offenses, this Court has held that "[b]ecause aiding and abetting is not a substantive offense but just a theory of criminal liability, allegations of aiding and abetting are not required in an indictment[.]" *State v. Baskin*, 190 N.C. App. 102, 110, 660 S.E.2d 566, 573 (2008) (breaking or entering

a motor vehicle and larceny); *see also State v. Ainsworth*, 109 N.C. App. 136, 143, 426 S.E.2d 410, 415 (1993) (first-degree rape).

Defendant further contends that the "only theory that could have supported [Defendant's] conviction for obtaining food stamps was concerted action." However, Defendant does not assert as error on appeal any variance between the indictment and the evidence at trial. We review the record for sufficient evidence of "obtained," "attempted to obtain," or "aided or abetted" another person to obtain food benefits.

Defendant worked at Cox Toyota in Burlington. After Defendant suffered medical issues, Ms. Davis spoke with Kelly Thomas ("Ms. Thomas"), a supervisor at DSS, about applying for food and nutrition services and crisis intervention. Ms. Davis was "asked to provide documentation about [Defendant's] income" and admitted that she "provided false information to DSS[.]" Ms. Davis testified as follows:

> So I called [Defendant] and I said fax me over a letterhead, okay? That night I went – or I can't remember the exact sequence of it, but I typed the letter at home and I basically brought it into work, taped it to the top of the Cox Toyota sheet and photocopied it.

Ms. Thomas testified that she received the letter by fax machine. Defendant concedes that "[a]rguably, the caseworker's testimony that she retrieved the 8 February 2011 letter from the fax machine created a reasonable inference that [Defendant] himself typed the letter and sent it to DSS." The evidence indicates that, regardless of the method of delivery, Defendant aided or abetted Ms. Davis in obtaining food benefits by providing the Cox Toyota letterhead necessary to create a fraudulent letter from Defendant's employer. Even assuming *arguendo*, without deciding, that this evidence is insufficient, the State presented additional evidence.

Ms. Thomas provided Ms. Davis a "wage verification form for [Ms. Davis] to have Cox Toyota fill out and return to" Ms. Thomas. Ms. Davis testified that she completed the form and wrote "Cindy Harrison/Payroll Clerk" at the bottom. Ms. Davis then asked Defendant to fax the form to Ms. Thomas. Ms. Davis testified that Defendant complied. The faxed form in the record indicates that it is from "Cox Toyota." Ms. Davis further testified that Defendant knew they were receiving food stamps. Defendant admitted to an officer that he used the food stamps.

Viewing the evidence in the light most favorable to the State, the above evidence creates a reasonable inference that Defendant knowingly submitted the fraudulent wage verification form to obtain food

benefits to which he was not entitled. There is sufficient evidence to indicate that Defendant obtained or aided or abetted another person to obtain food benefits to which he was not entitled. The trial court did not err in denying Defendant's motion to dismiss.

## II. Jury Instructions

**[2]** Defendant next argues the trial court committed plain error in its jury instructions. We disagree.

### A. Standard of Review

Because Defendant did not object to the jury instructions at trial, we review for plain error. *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012).

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (alterations in original) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982) (footnotes omitted)).

To show plain error, "a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334 (internal citation and quotation marks omitted).

### B. Analysis

The trial court gave the following instruction in this case:

> For a person to be guilty of a crime, it is not necessary they personally do all of the acts necessary to constitute the

crime. If two or more persons join in a common purpose to commit a crime, each of them is actually or constructively present, is guilty of that crime if the other person commits the crime and also guilty of any other crime committed by the other in pursuance of the common purpose or the natural or probable consequence thereof. (emphasis added).

Defendant contends that the trial court relieved the State of its burden, under the theory of acting in concert, to prove that Defendant was present at the scene of the crime. However, even assuming *arguendo* that the instruction was erroneous, Defendant must show prejudice resulting from the error.

As discussed in Section I above, the State presented sufficient evidence showing Defendant obtained food benefits or aided or abetted another person to obtain food benefits to which he was not entitled. The State was not required to use the theory of acting in concert in order to prove that Defendant violated N.C.G.S. § 108A-53. Defendant therefore cannot establish prejudice resulting from this error. The trial court's instructions did not rise to the level of plain error.

No error.

Judges McCULLOUGH and DILLON concur.