An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1025

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

v.

CARL DUVEE BARKLEY

Wake County
Nos. 11 CRS 9216, 218802

Appeal by defendant from judgments entered 31 January 2013 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 7 April 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Amanda P. Little, for the State.*

> *Mark L. Hayes for defendant-appellant.*

ELMORE, Judge.

Carl Duvee Barkley (defendant) appeals from judgments entered upon his convictions for possession of a firearm by a felon and manufacture of marijuana. Defendant contends that the trial court erred by denying his motion to dismiss the possession of a firearm charge and committed plain error in its jury instructions on that charge. We find no error.

## I. Facts

On 11 August 2011, Raleigh Police Department Detective Frank Patercity was conducting a drug investigation involving defendant and obtained a search warrant for the residence, a single-wide trailer, where he believed defendant lived. Before the investigating officers executed the warrant, they observed defendant's car in the trailer's driveway, then left for a briefing. When the officers returned to the house five minutes later, defendant's car was gone.

One team of officers secured the trailer, then drug detectives searched it. No one was home in the trailer at the time, although a tenant was present in an attached rental unit. During the search of the trailer, the detectives found pills and white powder, and shotgun shells in several locations, including in a nightstand next to the bed. Detectives also found documents in defendant's name that listed his address as the trailer's address and as his mother's address. In the master bedroom closet, detectives found a shotgun. Half of the closet was filled with men's clothes, the other half with women's clothes. Outside, a marijuana plant grew near the trailer.

Defendant was detained as he attempted to return to the trailer, waived his *Miranda* rights, and agreed to speak to

Detective Patercity. Defendant denied that he lived in the trailer but stated that he still "stayed there some nights[.]" Defendant also told Detective Patercity that the shotgun belonged to his wife, but acknowledged that at some point in the past two months he had handled the shotgun to make sure it was "clear." Defendant denied that he possessed any illegal drugs and claimed that the marijuana plant grew naturally. The jury found defendant guilty of manufacturing marijuana and possession of a firearm by a felon. Defendant received a suspended sentence of 24 months supervised probation for the manufacture of marijuana conviction, which was to begin after a term of 12-15 months active imprisonment for the possession of a firearm by a felon conviction. Defendant appeals.

## II. Analysis

In his first argument, defendant contends that the trial court erred by denying his motion to dismiss the possession of a firearm by a felon charge. We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged,

or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

The two elements of possession of a firearm by a felon are: (1) the defendant had a prior felony conviction; and (2) the defendant had a firearm in his possession. *State v. Hussey*, 194 N.C. App. 516, 521, 669 S.E.2d 864, 867 (2008); *see also* N.C. Gen. Stat. § 14-415.1 (2013). Possession of the firearm may be actual or constructive. *State v. Bradshaw*, 366 N.C. 90, 93, 728 S.E.2d 345, 348 (2012) (citation omitted). "Constructive possession occurs when a person lacks actual physical possession, but nonetheless has the intent and power to maintain control over the disposition and use of the [item]." *State v.*

*Acolatse*, 158 N.C. App. 485, 488, 581 S.E.2d 807, 810 (2003) (citation and quotation marks omitted). "However, unless the person has exclusive possession of the place where the [item is] found, the State must show other incriminating circumstances before constructive possession may be inferred." *State v. Tisdale*, 153 N.C. App. 294, 297, 569 S.E.2d 680, 682 (2002) (citation and quotation marks omitted).

In *Bradshaw*, our Supreme Court held that the State presented sufficient evidence of other incriminating circumstances in a similar situation. *Bradshaw*, 366 N.C. at 97, 728 S.E.2d at 350. Although the defendant in *Bradshaw* was not present at the time the weapon was discovered in the bedroom closet of his mother's home, the State produced evidence that officers discovered a cable receipt at the house in the defendant's name, photographs and a father's day card addressed to the defendant, and men's clothing in a bedroom. *Id*. at 96, 728 S.E.2d at 349. The officers had also recently observed the defendant at the house. *Id*. at 92, 728 S.E.2d at 347. Defendant was arrested, months later, near the house. *Id*. at 96-97, 728 S.E.2d at 349-350.

Similarly, viewing the evidence in the light most favorable to the State in this case, there is substantial evidence of

defendant's constructive possession of the firearm. First, the officers observed defendant's car parked at the trailer just minutes before they conducted their search. Defendant admitted to staying in the trailer, and officers found the shotgun in the master bedroom closet, along with men's clothes, and shotgun shells in various locations throughout the trailer, including the nightstand in the master bedroom. Although there was some conflicting evidence about defendant's residency, officers found documents in defendant's name that bore the trailer's address. Finally, defendant was detained when he attempted to return to the trailer shortly after the officers conducted the search and admitted to having handled the shotgun. Taking all of this evidence in the light most favorable to the State, we conclude that the trial court did not err in denying the motion to dismiss.

In a related sufficiency argument, defendant contends that there was a fatal variance between the allegation in the indictment that he possessed the shotgun on or about 11 August 2011, and the State's evidence that he *actually* possessed the shotgun two months prior to that date. Defendant contends that the evidence of actual possession supported a separate charge, and that his trial counsel was not prepared to refute the

evidence of actual possession in what appeared to be a constructive possession case. We disagree.

In order to prevail on a motion to dismiss based on a fatal variance between the allegations in the indictment and the evidence at trial, "the defendant must show a fatal variance between the offense charged and the proof as to 'the gist of the offense.' This means that the defendant must show a variance regarding an essential element of the offense." *State v. Pickens*, 346 N.C. 628, 646, 488 S.E.2d 162, 172 (1997) (citations omitted).

In this case, contrary to defendant's argument, "the date of the offense is not an essential element of the offense of possession of a firearm by a felon." *State v. Coltrane*, 188 N.C. App. 498, 501, 656 S.E.2d 322, 325 (2008), *disc. review denied*, *appeal dismissed*, 362 N.C. 476, 666 S.E.2d 760 (2008). Accordingly, defendant's contention of a fatal variance is without merit.

Finally, defendant argues, based on the same evidence that he actually possessed the shotgun prior to 11 August 2011, that the trial court committed plain error by instructing the jury on both actual and constructive possession, when the indictment only alleged that he possessed the shotgun on or about 11 August

2011. Defendant contends that the instructions permitted the jury to convict him based on a theory of the offense not alleged in the indictment. We disagree.

"In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4); *see also State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), *cert. denied*, 555 U.S. 835, 172 L. Ed. 2d 58 (2008). The North Carolina Supreme Court "has elected to review unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence." *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996). Plain error arises when the error is "'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]'" *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d. 513 (1982)). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the

error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).

In this case, defendant cannot demonstrate error, much less plain error, in the trial court's instructions. The trial court used the pattern jury instruction to define actual and constructive possession as to the offense of possession of marijuana:

> Possession of a substance or article may be either actual or constructive. A person has actual possession of a substance or article if that person has it on their person, is aware of its presence and either alone or together with others has both the power and intent to control its disposition or use.
>
> A person has constructive possession of a substance or an article if the person does not have it on their person but is aware of its presence and has either alone or together with others both the power and intent to control its disposition or use.
>
> A person's awareness of the presence of a substance or article and a person's power and intent to control its disposition or use may be shown by direct evidence or may be inferred from the circumstances.

*See* N.C.P.I. – Crim. 104.41. The trial court referred back to the possession instruction when it instructed the jury on possession of a firearm by a felon.

Rather than presenting an alternate theory of the offense, as defendant claims, the instruction as given simply provided the jury with an accurate legal definition of possession, which includes both actual and constructive possession. In fact, the pattern jury instructions for the substantive offense of possession of a firearm by a felon, N.C.P.I. – Crim. 254A.11 n.5, refer back to the pattern instruction for possession that the trial court read to the jury. Where the pattern instructions are an accurate statement of the law, we decline to find plain error in those instructions. *State v. Warren*, 348 N.C. 80, 113, 499 S.E.2d 431, 449 (1998).

## III. Conclusion

In sum, we hold that the trial court did not err by denying defendant's motion to dismiss the possession of a firearm charge, nor did it commit plain error in its jury instructions on that charge.

No error.

Judges McGEE and DAVIS concur.

Report per Rule 30(e).