An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e    P r o c e d u r e .

NO. COA13-1359

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

v.

JAMES CECIL PEARCE

Mecklenburg County
Nos. 11 CRS 256463
            12 CRS 12725


Appeal by defendant from judgment entered 30 May 2013 by Judge Robert C. Ervin in Mecklenburg County Superior Court. Heard in the Court of Appeals 30 June 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General David W. Boone, for the State.*
>
> *Don Willey for defendant-appellant.*


BRYANT, Judge.


Where the State presents substantial independent evidence corroborating defendant's confession, the State has met its burden under the *corpus delicti* rule.

The State's evidence established that on 23 December 2011, officers of the Charlotte Mecklenburg Police Department

responded to an incident at a house located at 1100 Pegram Street. Officer Michael White, the first officer on the scene, observed defendant run from the back door of the house, fall down the back steps, pick himself up, and run off between neighboring houses. Inside the house, officers found a 9mm cartridge case on the floor. Believing a firearm had been discharged in the house, officers began searching the neighborhood for the weapon. Officers discovered a 9mm semi-automatic firearm in a trash can in front of a house approximately 25 to 50 feet behind the house from which defendant ran. Subsequent testing of the cartridge case found in the house determined that it was discharged from the firearm found in the trash can.

Officers located defendant standing beside a house at 1104 Pegram Street, immediately to the left of 1100 Pegram Street, and took him into custody. The officers placed defendant in the back seat of a patrol car, where he spoke with Officer White. While speaking with Officer White, defendant admitted that he got into an altercation with a man inside 1100 Pegram, brandished a firearm during the altercation, and discarded the firearm at a nearby house. In a subsequent interview, defendant again stated that during the altercation, he "pulled out the gun

and shot one time into the floor in the kitchen," and that he "ran out the back door and ran straight to a trash can and put the gun inside because I didn't want to have the gun while dealing with the police."

At the close of the State's evidence, the trial court denied defendant's motion to dismiss the charge of possession of a firearm by a felon. The jury convicted defendant on the charge of possession of a firearm by a felon, and defendant entered a guilty plea to attaining the status of an habitual felon. The trial court sentenced defendant to a term of 82 to 111 months imprisonment. Defendant appeals.

_____

In his sole argument on appeal, defendant contends the trial court erred in denying his motion to dismiss the charge of possession of a firearm by a felon. We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense.

If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (citation and quotation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78—79, 265 S.E.2d 164, 169 (1980) (citations omitted). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994) (citation omitted).

Defendant contends the trial court erred in denying his motion to dismiss the charge of possession of a firearm by a felon because the State presented insufficient evidence. Specifically, although defendant concedes the State introduced substantial evidence that he had a prior felony conviction, he argues the State's evidence remained insufficient under the rule of *corpus delicti* to support sending this charge to the jury because his statements were the only evidence that showed he possessed a firearm.

"To convict defendant of possession of a firearm by a felon the state must prove that (1) defendant was previously convicted of a felony and (2) subsequently possessed a firearm." *State v. Bradshaw*, 366 N.C. 90, 93, 728 S.E.2d 345, 347–48 (2012) (citing N.C. Gen. Stat. § 14-415.1(a) (20[13])). It is well established that "an extrajudicial confession, standing alone, is not sufficient to sustain a conviction of a crime." *State v. Cox*, ___ N.C. ___, ___, 749 S.E.2d 271, 275 (2013) (citation omitted). When the State relies upon a defendant's extrajudicial confession, the *corpus delicti* rule requires "the State to present corroborative evidence, independent of the defendant's confession, tending to show that (a) the injury or harm constituting the crime occurred [and] (b) this injury or harm was done in a criminal manner." *Id.* at ___, 749 S.E.2d at 275 (citations and quotation omitted). In applying this rule, our Courts have held:

> [I]t is fundamental that the corroborative evidence need not . . . in any manner tend to show that the defendant was the guilty party. Instead, the rule requires the State to present evidence tending to show that the crime in question occurred. The rule does not require the State to logically exclude every possibility that the defendant did not commit the crime.

*Id.* at ___, 749 S.E.2d at 275 (citation and quotation omitted). The requirements of the rule may also be met "if the accused's confession is supported by substantial independent evidence tending to establish its trustworthiness, including facts that tend to show the defendant had the opportunity to commit the crime." *State v. Parker*, 315 N.C. 222, 236, 337 S.E.2d 487, 495 (1985). "[T]here must be *strong* corroboration of *essential* facts and circumstances embraced in the defendant's confession. Corroboration of insignificant facts or those unrelated to the commission of the crime will not suffice." *Id.*

Here, responding officers saw defendant flee from a house and found a discharged 9mm cartridge case inside the house. Officers discovered a firearm in a trash can in front of a house that was approximately 25 to 50 feet from the house from which defendant fled. Forensic testing later determined that the cartridge case found in the house was ejected during the firing of the firearm found in the trash can. Officers apprehended defendant while he was standing beside the house next to that from which he fled. This evidence strongly corroborates defendant's statements that he fired a single shot from a firearm during an altercation inside the house at 1100 Pegram Street, ran with the firearm from the house, and discarded the

firearm in a nearby trash can so it would not be on his person when he interacted with the police.

As such, the State provided sufficient independent evidence to meet its burden under the *corpus delicti* rule. Defendant's statements provided substantial evidence that he possessed a firearm, and defendant's statements and undisputed evidence of his prior felony conviction in turn constituted sufficient evidence to survive defendant's motion to dismiss the charge of possession of a firearm by a felon. Accordingly, defendant's argument is overruled.

No error.

Judges STROUD and HUNTER, Robert Jr., concur.

Report per Rule 30(e).