DILLON, Judge.
Demetric Levon Baker ("Defendant") appeals from judgments entered upon a jury verdict finding him guilty of a number of charges, including possession of a firearm by a felon, and attaining habitual felon status.
I. Background
In July 2015, Defendant was a passenger in a vehicle driven by Bridgett Simpson, the mother of one of his children. At trial, the State presented evidence that Ms. Simpson knew Defendant had outstanding warrants and she had been offered a cash reward by a bonding company for information about Defendant's location. The bonding company informed a police officer, who located Ms. Simpson's vehicle and began following it as he called in a license plate check. After determining that the vehicle had an expired tag and an inspection violation, the officer activated his blue lights in preparation for a traffic stop.
Before Ms. Simpson came to a complete stop, Defendant exited the vehicle from the passenger side and began running. The officer began a foot pursuit, during which he saw Defendant throw something on the ground, which was later identified as a cigarette pack containing a small amount of marijuana. Shortly thereafter, the officer caught Defendant and placed him under arrest.
A second officer spoke with Ms. Simpson while the first officer was in pursuit of Defendant. Ms. Simpson told the second officer that she had observed Defendant holding a small black handgun before he exited her vehicle.
A K-9 officer conducted a search with his dog and located a small black handgun in a bush approximately 150 to 200 feet from the path Defendant had taken. Ms. Simpson identified a photo of the weapon at trial as the handgun she observed Defendant holding in her vehicle.
Defendant was subsequently charged with possession of a firearm by a felon, along with several other charges. Defendant timely appealed.
II. Analysis
A. Constructive Possession
Defendant first argues that the trial court erred when it instructed the jury on constructive possession during its charge on the offense of possession of a firearm by a felon. Because we conclude that there was sufficient evidence to support an instruction on constructive possession, we disagree.
Defendant did not object to the constructive possession instruction at trial. Therefore, our review is limited to whether the trial court committed an "instructional mistake [which] had a probable impact on the jury's finding that the defendant was guilty." State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) ; see also State v. Francis, 341 N.C. 156, 160 459 S.E.2d 269, 271 (1995) ("[A]ny problem with the form of the trial court's instructions could have been cured easily by an objection from [the] defendant [.]"). Accordingly, we review this issue under the plain error standard. Odom, 307 N.C. at 660, 300 S.E.2d at 378.
In order to convict a defendant of possession of a firearm by a felon, the State must prove (1) that the defendant has been previously convicted of a felony, and (2) subsequently possessed a firearm. N.C. Gen. Stat. § 14-415.1(a) (2015). Possession of a firearm may be actual or constructive. State v. Bradshaw, 366 N.C. 90, 93, 728 S.E.2d 345, 348 (2012).
"A defendant constructively possesses contraband when he or she has the intent and capability to maintain control and dominion over it." State v. Miller, 363 N.C. 96, 99, 678 S.E.2d 592, 594 (2009) (internal marks and citation omitted). "Unless a defendant has exclusive possession of the place where the contraband is found, the State must show other incriminating circumstances sufficient for the jury to find a defendant had constructive possession." Id.
Here, Ms. Simpson testified that she saw a small black handgun in Defendant's hand immediately before he jumped out of the vehicle. A small black handgun was recovered by a K-9 officer's dog in a bush approximately 150 to 200 feet from the path Defendant took after he jumped out of the car and ran. At trial, Ms. Simpson viewed a photo of the gun recovered at the scene and identified it as a photo of the gun she saw in Defendant's hand on the night of his arrest.[1]
We conclude that this evidence is sufficient to support the submission of an instruction on constructive possession to the jury. For instance, the jury could have determined that Defendant was in constructive possession of the gun when he was near the gun after throwing it into the bushes. Thus, it was the jury's duty to determine from the evidence whether Defendant constructively possessed the handgun. See State v. Hudson, 206 N.C. App. 482, 490, 696 S.E.2d 577, 583 (2010) ("[W]hether sufficient evidence of incriminating circumstances exists to prove constructive possession depends on the circumstances, and the specific facts of each case rather than any single factor will control; the question is ordinarily one for the jury.").
B. Habitual Felon Charge
Defendant's second argument relates to his conviction for attaining habitual felon status. On appeal, Defendant contends that the trial court erred in denying his motion to dismiss the habitual felon charge due to insufficiency of the evidence.
We review the denial of a motion to dismiss for insufficiency of the evidence to determine whether there is substantial evidence "(1) of each essential element of the offense charged ..., and (2) of defendant's being the perpetrator of such offense." State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "In reviewing challenges based on sufficiency of the evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." State v. Fritsch, 351 N.C. 373, 378-79, 526 S.E.2d 451, 455 (2000). "When ruling on a motion to dismiss, the trial court should be concerned only about whether the evidence is sufficient for jury consideration, not about the weight of the evidence." Id. at 379, 526 S.E.2d at 455-56.
Defendant's conviction for attaining habitual felon status was supported by three underlying felonies. The State introduced a certified judgment and commitment into evidence for each felony through the testimony of a Cabarrus County Assistant Clerk of Court, with no objection from Defendant's trial counsel. Defendant's name was spelled differently on the prior judgments: the first two identified Defendant as "Demetric Lavon Baker," and the third as "Demetris Lavon Baker." Defendant concedes that the indictments in the present case identified Defendant by his actual name, "Demetric Levon Baker."
In regard to alleging and proving previous convictions, N.C. Gen. Stat. § 15A-924 provides, in relevant part:
A duly certified transcript of the record of a prior conviction is, upon proof of the identity of the person of the defendant, sufficient evidence of a prior conviction. If the surname of a defendant charged is identical to the surname of a defendant previously convicted and there is identity with respect to one given name, or two initials, or two initials corresponding with the first letters of given names, between the two defendants, and there is no evidence that would indicate the two defendants are not one and the same, the identity of name is prima facie evidence that the two defendants are the same person.
N.C. Gen. Stat. § 15A-924 (2013).
Here, although the three judgments varied slightly in their nomenclature of Defendant, all three indicated the same date of birth, race, and sex. In addition, the State introduced a redacted driving history for "Demetric Levon Baker," which identified a number of "AKA" designations, including "Baker, Demetris Lavon" and "Baker, Demetric Lavon." Defendant was positively identified by Ms. Simpson, the arresting officer, and an officer who had arrested Defendant in 2006 for one of the offenses which formed the basis for one of the State's judgments admitted into evidence.
The above evidence is sufficient to support the submission of the habitual felon charge to the jury. There was substantial evidence from which the jury could infer that the three underlying felony judgments referred to Defendant, despite the variance in the spelling of his name. See State v. Scott, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002). In each of the indictments, Defendant's surname was identical, the other listed names began with the same letter, and each name was a known alias of Defendant. See N.C. Gen. Stat. § 15A-924. In addition, there is no evidence in the record which would "indicate the two defendants are not one and the same." Id. Accordingly, we find no error in the trial court's denial of Defendant's motion to dismiss this charge.
NO ERROR.
Report per Rule 30(e).
Judges BRYANT and DIETZ concur.

Defendant argues on appeal that absent the instruction on constructive possession, the jurors would have been forced to rely only on Ms. Simpson's testimony, which Defendant contends is unreliable because she had negative feelings toward Defendant. We note, however, that the trial court also gave adequate instruction to the jury regarding the testimony of interested or biased witnesses.